## KING et al. v. AYRES, Appellant.

### Division One, March 29, 1902,

**Partition:** UNSETTLED INDEBTEDNESS OF ESTATE.  Where the fact is made apparent that a proceeding is pending in the probate court looking to a sale, for the payment of intestate's debts, of lands which it is sought to have partitioned, the circuit court should suspend judgment in the partition suit until the administration is closed or until it is satisfied that the lands will not be needed to pay debts of the estate.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED *(with directions).*

*E. W. Major* and *J. D. Hostetter* for appellant.

The contention that partition can not be maintained pending the administration of the estate and before the final settlement, is without merit.    It was at one time held in this State, under the statute of 1895, that it was necessary to show in a partition proceeding that the estate had been finally set-

tled, but under the present statute (sec. 4384, R. S. 1899), the holdings of the court are to the effect that the condition of the estate, whether or not the debts are fully paid or whether there are sufficient personal assets to meet and discharge the allowed claims, has no bearing whatever upon the right of the heirs to compel partition, but all the restriction imposed is that the court must, before making the order of distribution, ascertain that none of the proceeds of the land sale will be necessary to be applied to the payment of allowed claims, and it may hold up the order of distribution until such fact can be properly determined, and it may apply a portion of the proceeds or all, if necessary, to the payment of debts allowed against the estate. Chrisman v. Divinia, 141 Mo. 122; Rhorer v. Brocklage, 15 Mo. App. 16.

*P. H. Cullen* and *I. C. Dempsey* for respondents.

VALLIANT, J.—This case is the same in all respects as the case of Ayres v. King et al., ante page 244, just decided, except that the parties are reversed, the plaintiffs in this were the defendants in that, and the defendant here was the plaintiff there.

The judgment was for the plaintiffs in this suit, that each was entitled to one-eighth of the land, and the defendant to none, and an order of sale for partition was made from which the defendant appeals.

Since it appears from the record, as pointed out in the opinion in the first of these three cases, that there is a proceeding pending in the probate court looking to a sale of the lands of the estate for the payment of debts, that court should be left free to exercise its jurisdiction over that proceeding without being embarrassed by the proceeding in this case. The learned trial judge who rendered the decree in this case appreciated that fact, as reference to a recital in his decree will show, but felt constrained to render the decree because,

as the recital shows, the question was not raised by either party.

The judgment is therefore reversed and the cause remanded to the circuit court with directions to retain the cause but suspend judgment until the administration is closed in the probate court, or until the court is satisfied that the property will not be needed to pay debts of the estate and then proceed as the exigencies of the case may require.

All concur.